**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

JOHN DOE, an infant,
by his next friend, Reelia Watson

   Plaintiff,

v

RUSSELL COUNTY SCHOOL BOARD
d/b/a RUSSELL COUNTY PUBLIC SCHOOLS;
PHILLIP HENLEY, Individually and as an
Agent of RUSSELL COUNTY SCHOOL BOARD;
KIMBERLY HOOKER, Individually and as an
Agent of RUSSELL COUNTY SCHOOL BOARD;
BOBBY GOBBLE, Individually and as an
Agent of RUSSELL COUNTY SCHOOL BOARD;
and JOHN ROES 1-10;

   Defendants.

Judge James P. Jones
Magistrate Judge Pamela M. Sargent

Case No. 1:16cv-00045

_____

**MOTION IN LIMINE AND BRIEF IN SUPPORT TO**
**EXCLUDE TESTIMONY CONCERNING JOHN DOE'S SUPPOSED**
**<u>CONSENT, CONTRIBUTORY NEGLIGENCE, OR ASSUMPTION OF RISK</u>**

  Plaintiff anticipates Defendants at trial will attempt to introduce testimony from witnesses, including Dr. Alex Redcay, suggesting John Doe, as a nine- and ten-year-old child, "consented" or "welcomed" sexual abuse he suffered from Defendant Bobby Gobble, an adult man, who sexually assaulted and battered John on a nearly daily basis, and threatened to kill both John and his mother if John told anyone about the abuse.  Plaintiff anticipates School Defendant will attempt to adduce such testimony and argue it somehow absolves them from liability, or that Defendants may argue this limits their damages on Plaintiff's claims, under the legal theories of contributory negligence or assumption of risk.

  Any such testimony or evidence must be precluded from trial, for the reasons fully set forth below.

# ARGUMENT

### I.     Only Relevant Evidence Is Admissible

The Federal Rules of Evidence allow only evidence that is relevant to a material issue. The Rules define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is never admissible. Fed. R. Evid. 402. And even if it is relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Thus, for any evidence to be admissible, it must be pertinent to a question that the trier of fact is required to resolve. Evidence and argument prohibited as a matter of law cannot, therefore, be relevant, and are inadmissible.

### II.    Defendants Waived Any Argument Based On
### Consent, Contributory Negligence, or Assumption of Risk

As an initial matter, neither Gobble nor School Defendant asserted "consent," contributory negligence, or assumption of risk as an affirmative defense in this action. (*See* Doc. 37, 45.) Accordingly, they have waived those defenses because they did not assert them in their Answers. *See Clifton v. Commonwealth*, 22 Va. App. 178, 184 (1996) (describing consent as an affirmative defense); *King v. Curtis*, No. 1:14-CV-403, 2015 U.S. Dist. LEXIS 174902, at *9-10 (W.D. Mich. Dec. 8, 2015) (party waived affirmative defense of consent when it was not asserted in Answer), *adopted by King v. Curtis*, No. 1:14-CV-403, 2016 U.S. Dist. LEXIS 5794 (W.D. Mich. Jan. 19, 2016); Fed. R. Civ. P. 8(c) (answer must state any affirmative defense, specifically including contributory negligence or assumption of risk).

Accordingly, consent is not pertinent to any question that the jury will be required to

resolve at trial and is thereby inadmissible.

## III. Consent Is Unavailable as a Defense Here Because It Is a Legal Impossibility

Second, as fully set forth in Plaintiff's summary judgment briefing against Defendant Gobble, a child is deemed legally incapable of consenting to an adult's sexual misconduct, given the child's status as a minor. Accordingly, consent is not an available defense here, and any attempt by Defendants to argue or provide evidence regarding such a legal impossibility would be a waste of time. *See* Fed. R. Evid. 403.

As Plaintiff's summary judgment brief against Defendant Gobble stated, in Virginia it is presumed as a matter of law in the civil and criminal context that an adult's sexual misconduct against a child is without consent due to the child's status as a minor. *See, e.g.*, *Rainey v. Commonwealth*, 169 Va. 891, 894 (1937); *B.E.L. v. Price*, 81 Va. Cir. 391, 393 (Va Cir. Ct. 2010).

For the last 100+ years Virginia has regarded an adult's criminal sexual misconduct against a minor as so intolerable that it is a strict liability offense. *See, e.g.*, *Lewis v. Long*, 550 B.R. 294, 298 (W.D. Va. 2016); *Rainey*, 169 Va. at 895; *Lawrence v. Commonwealth*, 71 Va. 845 (1878).

Virginia statute has criminalized an adult's sexual misconduct against a child, irrespective of the child's consent, in order to protect children due to their lack of maturity and judgment. Virginia statutes make an adult's sexual contact with a child under the age of 13 a crime. *See, e.g.*, Va. Code § 18.2-61 (any person who has sexual intercourse with a child under the age 13 "shall be guilty of rape"); Va. Code § 18.2-67.3 (a person is guilty of felonious aggravated sexual battery if he sexually abuses a child who is less than 13-years-old); Va. Code § 18.2-67.1 (forcible fellatio, cunnilingus, or anal intercourse with a child less than 13 years of age is forcible sodomy).

3

> The Virginia Court of Appeals explains:
>
> Virginia law has historically refused to recognize the consent of a victim under the age of fifteen – treating the child, as a matter of law, to be too emotionally and developmentally immature to engage in consensual sexual activities with another.

*Martin v. Commonwealth*, No. 1966-04-4, 2005 Va. App. LEXIS 337, at *5-6 (Sept. 6, 2005).

The Commonwealth's position is consistent with law in other states that similarly hold a minor's "consent" is no defense to a civil tort claim brought by the minor against an adult sexual perpetrator. *See, e.g.*, *C.C.H. v. Phila. Phillies, Inc.*, 596 Pa. 23, 40-45 (2008); *Bjerke v. Johnson*, 742 N.W.2d 660, 669-71 (Minn. 2007); *Bjerek v. Johnson*, 727 N.W.2d 183, 192-96 (Minn. 2007); *Christensen v. Royal School District No. 160*, 156 Wn.2d 62, 67-68; 124 P.3d 283 (Wash. 2005); *Bohrer v. DeHart*, 943 P.2d 1220, 1227 (Colo. Ct. App 1996); *Wilson v. Tobiassen*, 97 Ore. App. 527, 533-34; 777 P.2d 1379 (Or. Ct. App. 1989); *Elkington v. Foust*, 618 P.2d 37, 40 (Utah 1980); *Robinson v. Moore*, 408 S.W.2d 582, 583 (Tex. Civ. App. 1966).

At least one other District Court has granted a motion in limine to exclude any testimony or evidence at trial regarding a minor's "consent" in a similar case involving Title IX and 42 U.S.C. § 1983 failure to train claims against a school district, and tort claims against the adult school employee perpetrator. (*See* Ex. 1 (Order from *King v. Curtis*, No. 1:14-cv-403, at 2 (W.D. Mich. Apr. 25, 2017); Ex. 2 (Pl's Motion referenced in Order).)

**IV.** **Consent Is Irrelevant to Plaintiff's Pending Claims Against School Defendant**

Third, Plaintiffs' alleged "consent" is irrelevant to the Title IX and §1983 failure to train claims pending against School Defendant.

On Plaintiff's Title IX claim, he must show the following elements: "(1) [P]laintiff was a student at an educational institution receiving federal funds; (2) [Plaintiff] was subjected to harassment based on [his] sex; (3) the harassment was sufficiently severe or pervasive to create a hostile (or abusive) environment in an educational program or activity; and (4) there is a basis for

4

imputing liability to the institution." *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007). A single incident, such as a student's rape or sexual abuse, is considered, **as a matter of law**, to be sufficiently severe, pervasive, and objectively offensive as to create a hostile or abusive educational environment for the victim that deprives him of access to educational opportunities provided by a school defendant. *See Soper v. Hoben*, 195 F.3d 845, 854-55 (6th Cir. 1999); *Vance v. Spencer Cnty. Pub. Sch. Dist.*, 231 F.3d 253, 259 n.4. (6th Cir. 2000).

On Plaintiff's 42 U.S.C. § 1983 failure to train claim, he must show the following elements: "subordinates actually violated the plaintiff's constitutional or statutory rights;" (2) "the supervisor failed to train properly the subordinates thus illustrating a 'deliberate indifference' to the rights of the persons with whom the subordinates come into contact;" and (3) "this failure to train actually caused the subordinates to violate the plaintiff's rights." *Gallimore v. Henrico Cnty. Sch. Bd.*, 38 F. Supp. 3d 721, 726 (E.D. Va. 2014). It has already been established that Gobble committed criminal and civil sexual misconduct against John, which, as a matter of law, violated John's 14th Amendment right to bodily integrity and to be free from school employee sexual abuse.

Again, the District Court in *King v. Curtis* granted a motion in limine based on similar grounds in similar circumstances. (*See* Ex. 1; Ex. 2.)

Accordingly, any argument or evidence regarding Plaintiff's supposed "consent" has absolutely no relevance or probative value with respect to his claims against School Defendant.

### V. Allowing Defendants to Argue or Present Evidence on So-Called Consent Would Be Unduly Prejudicial to Plaintiff

Fourth, allowing evidence or argument concerning Plaintiff's supposed "consent" to Gobble's criminal and tortious sexual misconduct, even on damages, would be severely unduly prejudicial to Plaintiff.

5

Although Plaintiff's counsel has not found case law within the Fourth Circuit addressing the likelihood of prejudice in these circumstances, the Seventh Circuit, in *Mary M. v. North Lawrence Community School Corp.*, 131 F.3d 1220 (7th Cir. 1997), addressed this very issue. The *Mary M.* court held permitting questioning at trial of a 13-year-old student plaintiff regarding her consent to or "welcomeness" of criminal molestation by a 21-year-old school employee, when the state's criminal sexual misconduct statute deemed such consent impossible, severely prejudiced the plaintiff on her Title IX claim against the defendant school district, and the court remanded the case for a new trial with the instruction that "welcomeness" not be an issue. *Mary M.*, 131 F.3d at 1227-28.  The court stated, "[e]vidence that [plaintiff] did not reject [the assailant] sufficiently misled the jury and resulted in an inconsistent verdict . . . we find that the instruction regarding welcomeness is so intertwined with the issue of damages as to severely prejudice her." *Id.* at 1228.

Here, "consent" or "welcomeness" is not at issue on any of Plaintiff's pending claims, and "consent" is so intertwined with the issue of damages that inquiry on the same at trial will severely prejudice Plaintiff's claims.

## VI. Allowing Consent to Be Presented at Trial Is Contrary to the Policy Behind Title IX

Fifth, permitting questioning or presentation of evidence regarding Plaintiff's supposed "consent" is contrary to the policy behind Title IX.  The Seventh Circuit explains:

> An opposite holding would defeat the purposes of Title IX and make children claiming sexual discrimination under Title IX subject to intense scrutiny.  Title IX was created to avoid the use of federal resources to support discriminatory practices and to provide individual citizens effective protection against discriminatory actions.  If welcomeness were properly an issue for the jury to consider in cases involving elementary students, the very children bringing the suits would be subject to intense scrutiny regarding their responses to their alleged abusers.  Trial transcripts would be replete with insinuations that a child dressed or acted in such a manner as to <u>ask for</u> the very conduct she or he is seeking to redress.

*Mary M.*, 131 F.3d at 1227 (citation omitted) (emphasis added).  The *Mary M.* court concluded allowing such questioning would mean, "a five year old clad in a sexy dress would have a difficult time proving she did not welcome sexual discrimination.  We find such a suggestion untenable, and refuse to transfer the onus to the child to prove that in fact she or he did not welcome the complained-of advances." *Id.* at 1227.

Here, to permit questioning on or evidence suggesting Plaintiff "asked for" or "welcomed" Gobble's sexual abuse improperly places the onus on John Doe to prove he, as a vulnerable child, did not "welcome" a 40-year-old male adult school employee's sexual misconduct, and is at odds with the purpose of Title IX in preventing sexual discrimination against, and intense scrutiny of, a student's response to sexual assault.

### VII.     Allowing Evidence Regarding a Minor's Consent to Adult Sexual Abuse Is Contrary to Public Policy

Finally, permitting Defendants to present evidence or argument on "consent" is contrary to public policy underlying Virginia statutory and case law deeming an adult's sexual misconduct against a minor as a strict liability offense.  The public interest in protecting children from adult sexual predation is so important that an adult's sexual conduct with a minor is a strict liability criminal offense in Virginia.  Accordingly, Defendants should not be allowed to question Plaintiff on his so-called "consent" to Gobble's sexual misconduct, when he cannot be said to have even understood the significance or consequences of that conduct, to which – in any event – his consent is a legal impossibility.

### VIII.    Dr. Redcay Makes Numerous References to and/or Suggests John Doe "Welcomed" or Otherwise Consented to Gobble's Sexual Abuse

School Defendant's retained expert, Dr. Redcay, makes numerous improper inferences that John somehow consented to Gobble's sexual abuse.  To illustrate, Dr. Redcay made the

7

following factual assertions, inferences, conclusions, and supposed opinions in her original report and her **unsigned** and purported "supplemental report"[1]:

- "John frequently requested to spend time with [Gobble]."  (Doc. 92-13, Pageid#2530.)

- "Both [Gobble] and John were shocked by the allegations [of sexual abuse] and denied them."  (Doc. 92-9, Pageid#2507.)

- "John directly denied that any problems occurred several times and never reported any."  (Doc. 92-9, Pageid#2505, see id., Pageid#2507 (same).)

- "John felt that [Gobble] was his father as well, demonstrated by his note to Gobble indicating, 'I love my daddy, [Gobble].'"  (Doc. 92-9, Pageid#2506.)

To the extent Defendants intend to use these statements, and those like them, to argue that John somehow consented to or welcomed Gobble's sexual perversion and pedophilia, they must be excluded.  Even if Defendants intend to use these or similar statements or evidence to show other defenses, they must be excluded for all of the above reasons, including that their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  *See* Fed. R. Evid. 403; *Mary M.*, 131 F.3d at 1227-28.

## CONCLUSION

As a matter of law, Defendants waived the affirmative defenses of consent, contributory negligence, or assumption of risk.  Moreover, Plaintiff could not have consented to Defendant Gobble's criminal and tortious sexual misconduct, as the Commonwealth has removed consent of a minor victim as a defense to adult sexual abuse.  Because consent is not a defense, and

---

[1] Plaintiff has also filed a motion to exclude Dr. Redcay's untimely purported "supplemental" opinion.  (*See* Doc. 92.)  Moreover, it is difficult to discern from her report what Dr. Redcay contends is an "opinion," as distinguished from a factual assertion, many of which are inaccurate, contradicted or based upon inadmissible hearsay.  In any event, Dr. Redcay's second report should be excluded because it was unsigned.  (*See* Doc. 92 (Report lacks signature); Fed. R. Civ. P. 26(a)(2)(B) (an expert's written report must be "prepared and signed by the witness").)

liability has already been established with respect to Gobble, any argument or evidence of consent is superfluous and irrelevant.  To the extent that it could be considered relevant in any way, it would be unduly prejudicial because it could only serve to confuse or mislead the jury into thinking that Plaintiff's consent, a legal impossibility, should enter their consideration.  For these reasons, any and all argument and evidence regarding consent, through testimony or otherwise, including but not limited to that of Dr. Redcay, should be excluded in this matter.

                    Respectfully Submitted,

                    **THE FIERBERG NATIONAL LAW GROUP, PLLC**

Dated:  February 19, 2018    By:    /s/ Monica H. Beck
                    Douglas E. Fierberg
                    Monica H. Beck
                    Attorneys for Plaintiff
                    161 East Front Street, Suite 200
                    Traverse City, MI 49684
                    (231) 933-0180
                    Fax:  (231) 252-8100
                    mbeck@tfnlgroup.com

                    **THE THOMSON LAW FIRM, PLLC**

Dated:  February 19, 2018    By:    /s/ Paul R. Thomson, III
                    Paul R. Thomson, III
                    Attorneys for Plaintiff
                    2721 Brambleton Avenue, SW
                    Roanoke, Virginia 24015
                    (540) 777-4900
                    Fax: (540) 772-0578
                    paul@roanokeinjurylawyer.com