# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADISON KING, *et al.*,

    Plaintiffs,

v

CHAD CURTIS, *et al.*,

    Defendants.

_____/

Case No. 1:14-cv-403

HON. JANET T. NEFF

## ORDER

A jury trial is currently scheduled to begin in this case on Tuesday, May 30, 2017. Following dispositive motion practice, remaining for trial are Plaintiffs' claim against Defendant Curtis for damages arising from Battery (Count I); Plaintiffs' claim against Defendant Curtis for Intentional Infliction of Severe Emotional Distress (Count II); Plaintiffs' claim against both Defendants Lakewood Public Schools and Lakewood Public Schools Board of Education (the "Lakewood Defendants") for Title IX Teacher-to-Student Harassment (Count III); and Plaintiffs' § 1983 Failure-to-Train claim against Defendants Lakewood Public Schools, only (Count IV). Pending before the Court are three motions in limine filed by Plaintiffs (Dkts 309-311) and a four-part motion in limine filed by the Lakewood Defendants (Dkt 313). Having reviewed the motions and responses, the Court determines that the motions are ripe for decision, as indicated herein. Further, having considered the case posture, the Court herein issues directives in advance of trial. Accordingly:

Case 1:16-cv-00045-JPJ-PMS    Document 99-1    Filed 02/19/18    Page 3 of 5
                                  Pageid#: 2588
Case 1:14-cv-00403-JTN-ESC    ECF No. 328 filed 04/25/17    PageID.5278    Page 2 of 4

**IT IS HEREBY ORDERED**, in light of this Court's prior decision precluding Defendant Curtis from asserting any "consent" defense (Dkt 190 at PageID.1056-1057), and for the reasons more fully stated in Plaintiffs' motion, Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding Consent (Dkt 309) is GRANTED, and any and all argument and evidence regarding consent is excluded from trial.

**IT IS FURTHER ORDERED**, pursuant to FED. R. CIV. P. 37(c), that Plaintiffs' Motion in Limine to Exclude Testimony of Kathleen Pierce-Geldhof (Dkt 310) is GRANTED for the reason that Pierce-Geldhof was not identified as a witness as required by Rule 26, and the failure to do so was not substantially justified; however, the Lakewood Defendants may call Pierce-Geldhof for impeachment purposes, as permitted by FED. R. CIV. P. 26(a)(1)(A)(i).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Evidence and Argument Regarding Prior Bad Acts and Improper Character Evidence (Dkt 311) is DENIED WITHOUT PREJUDICE to rendering decision on any objections to specific testimony elicited at trial.

**IT IS FURTHER ORDERED** that the Lakewood Defendants' Motion in Limine (Dkt 313) is DENIED; specifically,

(1) Lakewood Defendants' request to exclude from trial "all evidence and testimony about alleged student-to-student sexual or sex-based harassment" is DENIED for the reasons more fully stated in Plaintiffs' response (Dkt 326 at PageID.5270-5272);

(2) Lakewood Defendants' request to exclude from trial "individual board member testimony" because "boards of education speak only through their minutes" (Dkt 313 at PageID.5092) is DENIED for the reason that Plaintiffs seek to present the evidence

Case 1:16-cv-00045-JPJ-PMS   Document 99-1   Filed 02/19/18   Page 4 of 5
                              Pageid#: 2589
Case 1:14-cv-00403-JTN-ESC   ECF No. 328 filed 04/25/17   PageID.5279   Page 3 of 4

at trial "not to show that the Lakewood School Board, as a body, performed these actions, but that the highest-level administrators of the school publicly did so," as more fully stated in Plaintiffs' response (Dkt 326 at PageID.5272-5274);

(3) Lakewood Defendants' request to exclude from trial "Dr. Shakeshaft's expert report, and, in part, her testimony" is DENIED pursuant to FED. R. EVID. 704(a) and for the reasons more fully stated in Plaintiffs' response (Dkt 325); and

(4) Lakewood Defendants' request to exclude from trial "evidence of 'red flags' that impute knowledge of Curtis' misconduct to the District before April 27, 2012" is DENIED for the reasons more fully stated in Plaintiffs' response (Dkt 326 at PageID.5270-5272).

**IT IS FURTHER ORDERED** that trial will be conducted in accordance with the following directives:

(1) Consistent with the guidelines delineated at § X.H of the Court's Information and Guidelines for Civil Practice, available on the Court's website (www.miwd.uscourts.gov), all exhibits should be marked **before** trial with exhibit numbers or letters. Joint exhibits of the parties will be admitted without motion.

(2) Trial will be scheduled daily from 8:30 a.m. to 4:00 p.m., with short morning, lunch and afternoon breaks, subject to modification by the Court.

(3) Plaintiffs will be limited to 30 minutes for an opening statement; the Lakewood Defendants will be limited to 15 minutes for an opening statement; and Defendant Curtis will be limited to 15 minutes for an opening statement.

(4) Plaintiffs will be limited to 7 hours for presentation of evidence, with 2 additional hours for rebuttal, if any; the Lakewood Defendants will be limited to 5 hours for presentation of evidence; and Defendant Curtis will be limited to 5 hours for presentation of evidence.

        (a)    The time limits for presentation of evidence include direct and re-direct examinations.

        (b)    The time limits for presentation of evidence include any time taken to locate or ready witnesses to testify. Counsel must have their witnesses available and ready to call to the stand.

(5)    The Court will determine time limits on closing arguments after the evidence has been presented.

(6)    The parties shall collaborate on <u>one set</u> of joint proposed jury instructions and a verdict form in advance of the Final Pretrial Conference and be prepared to advise the Court of the status of their collaboration. In particular, counsel shall make every reasonable effort to agree on the substantive instructions stating the elements of the claims and defenses. In submitting their Joint Proposed Jury Instructions, counsel shall adhere to the formatting requirements delineated at <u>§ X.E.1</u> of the Court's Information and Guidelines.

**IT IS FURTHER ORDERED** that the parties are placed on notice that Defendant Curtis will appear via videoconference for the Final Pretrial Conference.

**IT IS FURTHER ORDERED** that this Court will require the parties to submit briefs on the topic of whether Defendant Curtis will appear in person at trial. The briefs shall include supporting legal authorities and shall not exceed 5 pages each. The briefs must be filed with this Court <u>on or before May 5, 2017</u>, in anticipation of discussion of the topic at the Final Pretrial Conference.

**IT IS FURTHER ORDERED**, in anticipation of their filing of a Joint Proposed Final Pretrial Order, the parties shall examine their exhibits, objections, issues, witnesses and evidence in light of the above rulings, time frame and directives.

DATED: April 25, 2017                            /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                 United States District Judge