# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

JOHN DOE, an infant,
by his next friend, Reelia Watson

      Plaintiff,

v

RUSSELL COUNTY SCHOOL BOARD
d/b/a RUSSELL COUNTY PUBLIC SCHOOLS;
PHILLIP HENLEY, Individually and as an
Agent of RUSSELL COUNTY SCHOOL BOARD;
KIMBERLY HOOKER, Individually and as an
Agent of RUSSELL COUNTY SCHOOL BOARD;
BOBBY GOBBLE, Individually and as an
Agent of RUSSELL COUNTY SCHOOL BOARD;
and JOHN ROES 1-10;

      Defendants.

Judge James P. Jones
Magistrate Judge Pamela M. Sargent

Case No. 1:16cv-00045

_____

## MOTION IN LIMINE AND BRIEF IN SUPPORT TO EXCLUDE TESTIMONY CONCERNING JOHN DOE'S FAMILY'S "KNOWLEDGE," ACTION, OR INACTION WITH RESPECT TO GOBBLE'S INTERACTION WITH JOHN DOE

      Plaintiff anticipates Defendants at trial will attempt to introduce testimony intended to avoid liability and shift to/share blame with Plaintiff's family for Gobble's sexual abuse and the School Defendant's violation of John Doe's Constitutional, federal, and civil rights.  Any such testimony or evidence must be precluded from trial, given Defendants waived the defenses of contributory negligence and assumption of risk; Defendants may not assert an "empty chair defense;" these issues have no probative value on John's Title IX and §1983 claims against School Defendant; and even if there were some negligible value to the knowledge, action, or inaction of John's family, that very slight value is substantially outweighed by the substantial danger of unfair prejudice to Plaintiff, confusion of the issues, and misleading the jury. Accordingly, as set forth below, any testimony or evidence regarding John Doe's family's

supposed "knowledge" regarding Gobble's interaction with John Doe, along with the family's action or inaction in permitting Gobble to spend time or otherwise associate with John Doe, should be excluded from trial.

## I.     Only Relevant Evidence Is Admissible

The Federal Rules of Evidence allow only evidence that is relevant to a material issue. The Rules define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is never admissible. Fed. R. Evid. 402. And even if it is relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Thus, for any evidence to be admissible, it must be pertinent to a question that the trier of fact is required to resolve. Evidence and argument prohibited as a matter of law cannot, therefore, be relevant, and are inadmissible.

## II.    Defendants Waived Any Argument Based On
##        Contributory Negligence or Assumption of Risk

As an initial matter, neither Gobble nor School Defendant asserted contributory negligence or assumption of risk as an affirmative defense in this action. (*See* Doc. 37, 45.) Moreover, School Defendant specifically disavowed a "blame the parent" defense in its summary judgment papers. (*See* Doc. 79, Pageid#2073-74 ("[t]his is not a 'blame the family' analysis").) Accordingly, Defendants have waived those defenses because they did not assert them in their Answers and because of their conduct in this litigation. *See S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co.*, 353 F.3d 367, 372-74 (4th Cir. 2003); Fed. R. Civ. P. 8(c).

Accordingly, Defendants waived the defenses, and they may not present evidence or

testimony at trial that shows or suggests John's family was contributorily negligent or assumed a risk with respect to School Defendant's and Gobble's injuries to John.

### III.     **Defendants Cannot Be Exonerated by Urging the Fault of Nonparties**

Pursuant to well-established case law, Defendants may not assert an "empty chair defense." *See Dorman v. State Indus.*, 292 Va. 111, 122 n.3 (2016). The Supreme Court of Virginia states, "Without question the law is that a litigant 'cannot be exonerated by urging and showing the negligence of other parties or nonparties.'" *Id.* (quoting *Von Roy v. Whitescarver*, 197 Va. 384, 393 (1955)). "Other sufficient causes, whether innocent or arising from negligence, do not provide a defense." *Ford Motor Co. v. Boomer*, 285 Va. 141, 158 (2013). At least one Federal District Court in Virginia has acknowledged the validity of the prohibition against empty chair defenses. *See Carmine v. Poffenbarger*, 154 F. Supp. 3d 309, 321 (E.D. Va. 2015) (denying a motion to sever, explaining "[t]he potential risk of this 'empty chair' defense cautions against severing the defendants").

Defendants have not sought to join any other parties to this litigation.

Accordingly, Defendants may not present evidence or testimony at trial that shows or suggests an "empty chair" – meaning John's family – is wholly or partly responsible for the harm School Defendant and Gobble caused Plaintiff.

### IV.     **John Doe's Family's Knowledge, Actions, or Inaction Are Irrelevant to Plaintiff's Title IX and §1983 Failure to Train Claims**

Moreover, the knowledge, action, or inaction of John Doe's family is irrelevant to John's Title IX and §1983 failure to train claims pending against School Defendant.

Title IX of the Education Amendments of 1972 provides, in pertinent part:

[N]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any **education program or activity receiving Federal financial assistance**.

3

20 U.S.C. §1681(a) (emphasis added).  On Plaintiff's Title IX claim, he must show the following elements: "(1) [P]laintiff was a student at an educational institution receiving federal funds; (2) [Plaintiff] was subjected to harassment based on [his] sex; (3) the harassment was sufficiently severe or pervasive to create a hostile (or abusive) environment in an educational program or activity; and (4) there is a basis for imputing liability to the institution." *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007).

The fourth element requires showing "an **official** who has authority to address the alleged discrimination and to institute corrective measures has **actual knowledge** of discrimination in the **institution's programs** and fails adequately to respond or displays deliberate indifference to discrimination." *Id.* at 700 (emphasis added).  Deliberate indifference is found "where the **recipient's** response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 648 (1999). Deliberate indifference also exists when "an **official** who is advised of a Title IX violation refuses to take action to bring the **recipient** into compliance." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).  A school district "which made no effort whatsoever either to investigate or put an end to the harassment" suffered by a student may show deliberate indifference.  *Davis*, 526 U.S. at 654.

On Plaintiff's 42 U.S.C. § 1983 municipal liability failure to train claim, he must show the following elements:  "**subordinates** actually violated the plaintiff's constitutional or statutory rights;" (2) "the **supervisor** failed to train properly the subordinates thus illustrating a 'deliberate indifference' to the rights of the persons with whom the **subordinates** come into contact;" and (3) "this failure to train actually caused the **subordinates** to violate the plaintiff's rights." *Gallimore v. Henrico Cnty. Sch. Bd.*, 38 F. Supp. 3d 721, 726 (E.D. Va. 2014) (emphasis added).

These claims involve the deliberate indifference of a federal fund recipient to sexual harassment within its educational programs and activities, and the failures of a municipal body to properly train its employees and subordinates on sexual harassment.  John's Title IX claim rests on the knowledge of school employees regarding reports of Gobble's sexual harassment and abuse against him, and whether they properly responded to those reports.  John's § 1983 claim rests on the history of school employee sexual abuse against students, School Defendant's knowledge of the unacceptable pervasiveness and high risk of employee-against-student sexual abuse in K-12 schools, and whether the school district did or did not sufficiently train its own employees.  These claims all involve School Defendant's duties and obligations pursuant to federal law, and whether School Defendant violated John's civil and Constitutional rights.   What is "clearly unreasonable in light of known circumstances" to a school official charged with the duty of protecting students from sexual harassment and refraining from discriminating against students on the basis of sex in the school's programs, has nothing to do with what a parent or guardian does or does not know about her individual child, or actions or inaction of that parent.  In summary, these claims have **<u>nothing</u>** to do with what John's family knew, did, or did not do.

Accordingly, any argument or evidence regarding the knowledge, action, or inaction of John's family has absolutely no relevance or probative value with respect to his claims against School Defendant, and any such evidence or testimony must be excluded from trial.

**V.     Allowing Defendants to Argue or Present Evidence on John's Family's Knowledge, Action, or Inaction Would Be Unduly Prejudicial to Plaintiff**

School Defendant's summary judgment briefing is replete with references to what knowledge John's family possessed of Gobble's interactions with him, their acceptance of

Gobble, and whether they prohibited Gobble from having contact with John.[1] Such testimony or evidence must be excluded from trial because it has no probative value, as established above. Moreover, even if it possessed slight value, it must be excluded because that negligible value is substantially outweighed by the significant danger of unfair prejudice to Plaintiff, confusion of the issues, and misleading the jury as to the applicable legal standards, questions, and defenses in this case. *See* Fed. R. Evid. 403.

## CONCLUSION

For all of the above reasons, Plaintiff respectfully requests this Court GRANT his motion in its entirety.

Respectfully Submitted,

**THE FIERBERG NATIONAL LAW GROUP, PLLC**

Dated: February 19, 2018    By:    /s/ Monica H. Beck
Douglas E. Fierberg
Monica H. Beck
Attorneys for Plaintiff
161 East Front Street, Suite 200
Traverse City, MI 49684
(231) 933-0180
Fax: (231) 252-8100
mbeck@tfnlgroup.com

**THE THOMSON LAW FIRM, PLLC**

Dated: February 19, 2018    By:    /s/ Paul R. Thomson, III
Paul R. Thomson, III
Attorneys for Plaintiff
2721 Brambleton Avenue, SW
Roanoke, Virginia 24015
(540) 777-4900
Fax: (540) 772-0578
paul@roanokeinjurylawyer.com

---

[1] As set forth in John Doe's summary judgment briefing, it is undisputed that John's family trusted Gobble only because he was a school employee and because the school vouched for Gobble.