# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| JOHN DOE, AN INFANT, BY HIS NEXT FRIEND, REELIA WATSON, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16CV00045 |
| v. | ) ) | **OPINION AND ORDER** |
| RUSSELL COUNTY SCHOOL BOARD D/B/A RUSSELL COUNTY PUBLIC SCHOOLS, ET AL., | ) ) ) ) ) | By: James P. Jones United States District Judge |
| Defendants. | ) | |

*Monica H. Beck and Douglas E. Fierberg, The Fierberg National Law Group, PLLC, Traverse City, Michigan, and Paul R. Thomson, III, The Thomson Law Firm, PLLC, Roanoke, Virginia, for Plaintiff; Christopher S. Dadak and Jim H. Guynn, Jr., Guynn & Waddell, P.C., Salem, Virginia, and Mary Katherine Patton, Chafin Law Firm P.C., Lebanon, Virginia, for Defendant Russell County School Board d/b/a Russell County Public Schools*

In this civil case against the Russell County School Board ("School Board") involving the molestation of a student by a school employee, the plaintiff seeks leave to examine at trial employees and former employees of the School Board by the use of leading questions.

Rule 611(c)(2) of the Federal Rules of Evidence allows leading questions on direct examination "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." The precise meaning of "identified with an adverse party" has not been clearly defined. However, most courts agree that

the employee/employer relationship falls within its meaning. *See, e.g., Chonich v. Wayne Cty. Cmty. Coll.*, 874 F.2d 359, 368 (6th Cir. 1989) (allowing leading questions on direct examinations of community college's former president and personnel director); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984) (finding that an employee of defendant present when the alleged malpractice may have occurred was identified with an adverse party); *Fehr v. SUS-Q Cyber Charter Sch.*, No. 4:13-cv-01871, 2015 WL 6166627, at *3 (M.D. Pa. Oct. 20, 2015) ("The term 'witness identified with an adverse party' is intended to apply broadly to an identification based upon employment by the party or by virtue of a demonstrated connection to an opposing party.") (citation omitted).

"The normal sense of a person 'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party." *Id.* (citation omitted); *see Ratliff v. City of Chi.*, No. 10 C 739, 2012 WL 7993412, at *1 (N.D. Ill. Nov. 20, 2012).

"Whether a former employee is properly considered 'a witness identified with an adverse party' is an unsettled inquiry whose resolution is often fact-dependent." *Fehr*, 2015 WL 6166627, at *3. In analyzing this question, courts have come to differing conclusions based upon the former employee's position and involvement, if any, in the events giving rise to the litigation. *Compare Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1397, 1398 (D. Colo. 1991) (finding former

employee of defendant to be "identified with an adverse party" because of her former employment and ongoing relationship with a key witnesses who attended the trial on behalf of defendant), *with Radice v. Meritor Sav. Bank, Inc.*, Civ. A. No. 89-6914, 1993 WL 56044, at *2 (E.D. Pa. Mar. 2, 1993) (finding that witness, who was a former employee and defendant in the case, was not a hostile witness simply due to his former employment because he had been dismissed as a defendant at summary judgment and "was not involved in the internal process" that led to litigation).

Courts often wait until trial to make a determination concerning hostility in order to observe whether a particular witness shows hostility or seems uncooperative. *See Fehr*, 2015 WL 6166627, at *4 (finding *current* employee and *former executive* witnesses 'identified with an adverse party,' but deciding to wait until trial to determine whether former non-executive employees were hostile and subject to leading questions); *United States v. McDonnell*, No. 3:14-CR-12, 2014 WL 3545206, at *1 (E.D. Va. July 16, 2014) (refusing to find *family* members of defendants' witnesses 'identified with an adverse party' because the record failed to demonstrate the witnesses had shown hostility, but reserving right to reconsider the issue at trial if witnesses showed themselves to be hostile) (citation omitted); *Sec. & Exch. Comm'n v. Goldstone*, 317 F.R.D. 147, 167 (D.N.M. June 14, 2016) (refusing to exercise its discretion to allow leading questions before trial for

witness who was former chief accounting officer and settling defendant, but reserving right to determine hostility at trial).

Accordingly, I will treat current employees of the School Board and former employees who had involvement with the events in question in the case as adverse witnesses under Rule 611(c)(2) and permit leading questions on direct examination. However, with respect to former employees who had little to no such involvement, I will wait until trial to determine on an individual basis if such a witness seems hostile or uncooperative.

It is so **ORDERED**.

ENTER: February 28, 2018

/s/ James P. Jones
United States District Judge