# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| JOHN DOE, AN INFANT, BY HIS NEXT FRIEND, REELIA WATSON, | ) ) ) |
| Plaintiff, | ) Case No. 1:16CV00045 ) |
| v. | ) **OPINION AND ORDER** ) |
| RUSSELL COUNTY SCHOOL BOARD D/B/A RUSSELL COUNTY PUBLIC SCHOOLS, ET AL., | ) By: James P. Jones ) United States District Judge ) ) |
| Defendants. | ) |

*Monica H. Beck and Douglas E. Fierberg, The Fierberg National Law Group, PLLC, Traverse City, Michigan, and Paul R. Thomson, III, The Thomson Law Firm, PLLC, Roanoke, Virginia, for Plaintiff; Christopher S. Dadak and Jim H. Guynn, Jr., Guynn & Waddell, P.C., Salem, Virginia, and Mary Katherine Patton, Chafin Law Firm P.C., Lebanon, Virginia, for Defendant Russell County School Board d/b/a Russell County Public Schools*

In this action under Title IX and 42 U.S.C. § 1983 against a local school board ("School Board") as a result of molestation of a young student by a school custodian, the plaintiff John Doe has filed a motion in limine to exclude new disclosures of two experts retained to testify at trial for the School Board. Doe also requests that I order the School Board to pay reasonable expenses associated with filing the motion to exclude. The motion has been fully briefed and orally argued and is ripe for decision.

In his motion, Doe argues that any new testimony by either expert — Elisabeth Counselman-Carpenter, Ph.D., and Alex Redcay, Ph.D. — should be excluded from trial because the new disclosures of this testimony are untimely and not truly supplemental. For the reasons that follow, I will grant in part and deny in part Doe's motion.

I will take up each expert's new disclosure separately.

### DR. COUNSELMAN-CARPENTER.

Dr. Counselman-Carpenter's original expert report was disclosed to Doe on October 20, 2017, a deadline date informally stipulated to by the parties, although some months after the expert disclosure date set forth in the court's Scheduling Order entered March 20, 2017.[1] Doe's counsel deposed Dr. Counselman-Carpenter based on this report on November 27, 2017. On December 12, 2017, the School Board provided the new report in question.

Both Dr. Counselman-Carpenter's original and new reports set forth her opinions on Doe's projected mental health outcome and future treatment needs. Her original report concluded that "solely based on the symptoms Dr. Epstein [plaintiff's expert] reports, the diagnosis of ["Posttraumatic Stress Disorder] is

---

[1] The Rules do not allow the parties to stipulate a change in the court's order governing the time for expert disclosures, although they may stipulate a deadline different from the default deadline set forth in the Rules. See Fed. R. Civ. P. 26 (a)(2)(D). Thus, the stipulation here was improper, since the court's Scheduling Order fixed the date for expert disclosures.

2

likely accurate, but remains inconclusive." Mot. Lim. Exclude Expert Reports Ex. 8, at 2-3, ECF No. 92-8. Dr. Counselman-Carpenter similarly testified in this regard during her deposition:

    A. It is my opinion that Dr. Epstein's diagnosis of PTSD is inconclusive.

    Q. Okay. So you have no opinion as to whether Doe is suffering from PTSD or not?

    A. My opinion is that Dr. Epstein's opinion does not provide enough information for that diagnosis to stand.

    Q. So you have no opinion as to whether Doe has PTSD or not?

    A. I don't have enough information to make - - to share an opinion either way.

    Q. Okay. Your report says that the diagnosis of PTSD is likely accurate. So are you now - - are you now trashing your own statement?

    A. No.

    Q. So you still agree that the diagnosis of PTSD is likely accurate?

    A. Correct. But as also stated in my report, it is inconclusive at this time.

*Id*. at Ex. 15, at 57, ECF No. 92-15.

In her new report, Dr. Counselman-Carpenter opines that "[l]imited access to diagnostic information from John Doe's mental health treatment history demonstrates a diagnosis of Adjustment Disorder with mixed anxiety and depression . . . not PTSD." *Id*. at Ex. 12, at 1, ECF No. 92-12. Dr. Counselman-Carpenter's new report also includes an additional conclusion that the reports made

by DSS do not support Dr. Epstein's claims regarding projected mental health outcomes and needed treatment. Accordingly, the differences between her original and new reports are as follows, with significant differences highlighted:

| Original Report (10/20/17) | New Report (12/10/17) |
|---|---|
| "Dr. Epstein's estimated lifetime cost of treatment for John Doe's future medical care is not supported strongly by the presenting clinical evidence or reasonable and customarily accepted models of treatment for PTSD." | "Multiple reports made by the Virginia Department of Social Services throughout 2016 & 2017 do not support Dr. Epstein's claims regarding projected mental health outcomes and projected levels of care. Treatment history indicates a far less significant need than the treatment model projected by Dr. Epstein." |
| -------------- | -------------- |
| "While it is difficult to diagnose someone without having conducted a formal in-person evaluation, solely based on the symptoms Dr. Epstein reports, **the diagnosis of PTSD is likely accurate, but remains inconclusive.**" | "Limited access to diagnostic information from John Doe's mental health treatment history demonstrates a diagnosis of **Adjustment Disorder with mixed anxiety and depression . . . not PTSD**." |
| -------------- | -------------- |
| No opinion re: John Doe's capacity for and demonstration of resilience. | "**Multiple reports support John Doe's capacity for and demonstration of continued factors of resilience**." |

*Id*. at Ex. 8, at 2-3; Ex. 12, at 2, ECF No. 92-8, 92-12.

According to the School Board, the new opinions resulted from Dr. Counselman-Carpenter's review of additional documents, predominantly records from the local Department of Social Services ("DSS") and some foster care

4

records.[2] Also in her new report, Dr. Counselman-Carpenter highlights specific opinions of Dr. Epstein that she feels are undermined by these documents. In contrast, her original report questioned the basis of Dr. Epstein's opinions and stated that he did not provide enough "collateral" or "clinical" evidence to support his claims, but otherwise offered no specific concerns.

This case is set for trial to begin on March 12, 2018. Absent a court order or stipulation, disclosures of expert testimony must be made at least 90 days prior to trial. Fed R. Civ. P. 26(a)(2)(D)(i). Supplemental expert disclosures must be made at least 30 days prior to trial. Fed. R. Civ. P. 26(e)(2). Dr. Counselman-Carpenter's initial report was disclosed on October 20. After her deposition, the School Board disclosed the new report on December 12, exactly 90 days prior to trial. In this case, however, the parties agree that the magistrate judge verbally ordered that the parties could not disclose new expert testimony after the expert's deposition. Moreover, the disclosure of new expert testimony would violate the parties' stipulation of a deadline for the School Board's expert disclosure. Only if

---

[2] The School Board issued a subpoena to the DSS on October 30, 2017, requesting that certain DSS records be produced by November 27, 2017. This request was made 10 days after Dr. Counselman-Carpenter's initial expert report had been submitted, and the School Board contends that Dr. Counselman-Carpenter did not have an opportunity to review the DSS records before her deposition. However, Doe's counsel previously had disclosed to the School Board that Doe had been in counseling when in foster care, and the School Board certainly was aware that the DSS investigation and records were a critical component of this case. Therefore, the School Board should have requested these records much sooner and cannot legitimately rely on not having them as the reason the new expert opinions should be permitted.

the new report constituted a true supplemental disclosure would it be proper. I agree with the plaintiff, however, that the new report and its opinions do not constitute a true supplemental disclosure.

Rule 26 requires a party to "supplement or correct" its disclosures if it "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). "But the rule is not a license to freely amend expert reports to bolster a party's position." *Bentley v. Highlands Hosp. Corp.*, Civ. No. 15-97-ART-EBA, 2016 WL 5867496, at *4 (E.D. Ky. Oct. 6, 2016). Supplemental expert reports are limited to "correcting inaccuracies" or "filling . . . interstices." *Munchkin, Inc. v. Playtex Prods., LLC,* 600 F. App'x 537, 538 (9th Cir. 2015) (unpublished) (internal quotation marks and citations omitted). A party's "clear obligation to disclose and supplement expert witness information in a timely fashion . . . does not permit a party to make an end-run around the normal timetable for conducting discovery." *East West, LLC v. Rahman,* No. 1:11CV1380 (JCC/TCB), 2012 WL 4105129, at *6 (E.D. Va. Sept. 17, 2012) (quoting *Colony Apartments v. Abacus Project Mgmt., Inc.,* 197 F. App'x 217, 223 (4th Cir. 2006) (unpublished) (internal quotation marks omitted). Accordingly, "[c]ourts distinguish true supplementation (*e.g.,* correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by supplementing an expert report with a new and improved

expert report." *Disney Enters., Inc. v. Kappos*, 923 F. Supp. 2d 788, 795 (E.D. Va. 2013) (citations omitted). I find that the new report by Dr. Counselman-Carpenter was not a true supplemental disclosure but contained new opinions, not previously disclosed, and those new opinions are untimely.

Expert testimony produced after the disclosure deadline should be excluded at trial "unless the failure [to disclose as required by Rule 26(a) or (e)] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This court has broad discretion in determining whether a party's untimely disclosure is substantially justified or harmless. *Bresler v. Wilmington Tr. Co.,* 855 F.3d 178, 90 (4th Cir. 2017). The following factors are instructive when making this determination:

- The surprise to the party against whom the evidence would be offered;

- The ability of that party to cure the surprise;

- The extent to which allowing the evidence would disrupt the trial;

- The importance of the evidence; and

- The non-disclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The party failing to disclose bears the burden of establishing that the

nondisclosure or untimely disclosure was substantially justified or harmless. *Bresler*, 855 F.3d at 190.

In this case, Doe's counsel could have sought to depose Dr. Counselman-Carpenter again once her new report was disclosed.  However, Doe's counsel was reasonably under the impression that the magistrate judge's verbal order nullified any supplemental expert reports after deposition and therefore, did not follow up on Dr. Counselman-Carpenter's new report or the opinions contained therein.  As a result, the ability to cure at this stage of litigation seems limited to a continuance, which would be greatly disruptive.

Furthermore, with respect to the fourth *Southern States* factor, Doe's diagnosis is a vital part of this case, particularly in informing any award of damages.

For all of these reasons, any evidence or testimony by Dr. Counselman-Carpenter regarding her diagnosis of Doe will be excluded from trial.

Finally, Dr. Counselman-Carpenter's opinion concerning Doe's capacity for and demonstration of continued factors of resilience is also a new opinion.  Her initial report is silent on this issue, except to the extent she states that Dr. Epstein's opinions about Doe's future treatment needs are not supported.  This also impacts a potential damages award, and thus important at trial.  Certainly Doe's counsel was surprised by this new opinion.  Additionally, for the same reasons discussed above,

counsel has not had the reasonable opportunity to depose Dr. Counselman-Carpenter or prepare rebuttal testimony from their own expert, neither of which is likely to be possible at this late stage. For these reasons, I will also exclude evidence or testimony by Dr. Counselman-Carpenter on this issue.

DR. REDCAY.

Dr. Redcay's initial expert report was disclosed to Doe's counsel on October 20, 2017. Doe's counsel chose not to depose Dr. Redcay, "preferring to simply cross-examine her at trial" and reveal "the many factual errors and omissions in her report, and her improperly provided legal conclusions." Mot. Lim. 16, ECF No. 92. On February 12, 2018, less than 30 days prior to trial, the defendants disclosed Dr. Redcay's new report.

The differences between Dr. Redcay's original and new reports are illustrated as follows:

| Original Report (10/19/17) | New Report (2/12/18) |
|---|---|
| "John Doe's grandmother gave permission for him to live with BG." | "John Doe's **guardians, his grandparents and his mother, gave permission for John to have unrestricted contact with BG. John frequently requested to spend time with BG. Teachers and staff provided John, as well as other children at the school, items such as clothing because . . . he had financial need. BG showed an interest in improving John's grades and as John spent more time with BG, his grades improved or at least** |

9

| | |
|---|---|
| | remained constant. **As a professed Christian and like many school staff and teachers, BG showed a genuine interest in helping John**." |
| -------------- | -------------- |
| "As soon as a [Lebanon Elementary School-Russell County Public School System] staff member became aware of suspected child abuse/neglect, they followed the rules according to the Code of Virginia 63.2-1509 and the policy of the Virginia Department of Social Services, Child Protective Services, based on the Children & Family Services Manual (July 2017)." | "Staff, teachers and administrators at Russell School District followed Code of Virginia 63.2-1509, **Title IX requirements** and DSS policy." |

*Id*. at Ex. 9, at 1, 2; Ex. 13, at 4, ECF No. 92-9, 92-13.

These new opinions are based on Dr. Redcay's later review of all depositions taken in the matter and the DSS Child and Family Services Manual dated July 2017. The documents she relied upon in her initial report were limited to the Complaint, Plaintiff's Objections and Answers, and the plaintiff's expert reports.

With respect to the first conclusion of the new report, Dr. Redcay does not propose a new opinion, but rather expands upon her original information that Doe's grandmother gave permission for him to live with Gobble. However, she does include opinions about Doe's financial status and grades, as well as Gobble's "genuine interest" in Doe's well-being. Regardless, this opinion is not a true supplement to her initial report because it "contains new information and expert

10

opinion, intended both as an expansion of [her] earlier expert report as well as a means to impermissibly broaden the scope" of her opinion. *East West,* 2012 WL 4105129, at *7 ("The mere fact that [an expert's] [f]irst [r]eport does not state all of the opinions [the defendants] would now like to admit does not give them free reign to submit those opinions under the guise of supplementation."). Moreover, Dr. Redcay's new report also proposes to present opinions concerning Title IX, which is an issue not previously addressed by her and for which Doe argues she is unqualified. Her report is untimely whether the opinions contained therein are considered supplemental or new.

Dr. Redcay's new disclosures are untimely, whether considered supplemental or merely new. Unlike Dr. Counselman-Carpenter's report, the magistrate judge's verbal order does not apply because Doe's counsel chose not to depose Dr. Redcay. However, the report was disclosed later than 90 days (new disclosures) or 30 days (supplemental disclosures) prior to trial.

The School Board argues that the disclosure, assuming it was truly supplemental, was timely because the 30th day fell on a Saturday, and the School Board filed the disclosure the following Monday. Rule 6 provides that when computing any time period that is stated in days, the last day of the period is included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or

legal holiday." Fed. R. Civ. P. 6(a)(1)(C). The "next day" is determined by "continuing to count forward when the period is measured after an event and backward when measured before an event." Fed. R. Civ. P. 6(a)(5). The 2009 amendment to Rule 6 provides that in determining what is the "next day" for purposes of subdivision (a)(1)(C), "one should continue counting in the same direction – that is, forward when computing a forward-looking period and backward when computing a backward-looking period." Fed. R. Civ. P. 6 advisory committee's note to 2009 amendment. In this case, pretrial disclosures had to be made 30 days *before* trial. Therefore, this time period was backward-looking, and the School Board's disclosures were due the Friday before the 30th day, not the Monday after. Accordingly, the School Board failed to timely disclose this report, and I must determine whether such failure was substantially justified or is harmless.

Applying the *Southern States* factors to Dr. Redcay's supplemental report, I will permit Dr. Redcay's opinions regarding permission, but exclude any evidence or testimony regarding Title IX.

With respect to Dr. Redcay's opinion that Doe's parent and guardian gave permission for him to have unrestricted access to Gobble, Doe's counsel really should not be surprised by this. Permission by Doe's parent and guardian is a relevant issue in this case, and one that Doe's counsel should be fully prepared to

address at trial. Counsel knew that permission was granted by not only Doe's grandmother, but also his mother. This is not new information. Certainly the remainder of Dr. Redcay's opinion about Doe's financial need and grades, and Gobble's "genuine interest" in helping Doe was not included in her initial report, which suggests this opinion is new and not merely supplemental. However, I believe that Doe's counsel will have adequate time to prepare cross-examination on these opinions. Importantly, inclusion of these opinions in her initial report likely still would not have necessitated a deposition. Indeed, as stated above, by Doe's counsel's own admission, they "opted to not depose [Dr. Redcay], preferring to simply cross-examine her at trial and reveal the faults of her supposed opinions." Mot. Lim. 16, ECF No. 92. Accordingly, Doe's counsel can adequately cure any surprise resulting from these opinions with cross-examination.

The opposite is true with respect to Dr. Redcay's opinion that staff, teachers and administrators at Russell County School District followed the requirements of Title IX. There is likely significant surprise to Doe concerning this opinion. Dr. Redcay's initial report made no mention of Title IX. Doe also has very limited ability to cure this surprise at this late stage. Doe argues that Dr. Redcay is unqualified to testify as to Title IX and he would have filed a *Daubert* motion in that regard had the time to do so not passed. Doe also does not have time to prepare his own expert to offer testimony in rebuttal. Moreover, whether the

13

defendants complied with Title IX is a significant issue in this case. Accordingly, I will exclude any evidence or testimony by Dr. Redcay about Title IX.

PAYMENT OF REASONABLE EXPENSES.

Doe's counsel also requests that the School Board be ordered to pay reasonable expenses associated with filing Doe's motion. Rule 37(c)(1)(A) provides that "in addition to or instead of" excluding evidence, a court "may order payment of reasonable expenses, including attorney's fees," caused by a party's failure to provide information or identify a witness as required by Rule 26(a) or (e). I find that partially granting Doe's motion to exclude certain expert testimony is sufficient under the circumstances and will deny Doe's request for expenses.

CONCLUSION.

For the reasons stated, it is **ORDERED** as follows:

Plaintiff's Motion in Limine and Brief in Support to Exclude New Expert Reports and Testimony, ECF No. 92, is GRANTED IN PART AND DENIED IN PART. It is GRANTED as to the following evidence, which shall be excluded at trial:

(a)  Opinion testimony by Dr. Counselman-Carpenter regarding the proper diagnosis for John Doe;

(b)    Opinion testimony by Dr. Counselman-Carpenter regarding John Doe's capacity for and demonstration of continued factors of resilience; and

(c)    Opinion testimony by Dr. Redcay regarding Title IX.

    ENTER:  March 1, 2018

    /s/  James P. Jones
    United States District Judge